Pearson, C. J.
 

 It seems to be settled that where a contract is made in one country, and is to be performed in another, the rate of interest will be according to the law of the latter.— This conclusion is put upon the ground that the parties had in view the law of the country where the money was to be paid, and intended to be governed by that law, and not by that of the
 
 loci contractus ¡ Davis
 
 v. Coleman, 7 Ired. Rep. 424;
 
 Arrington
 
 v.
 
 Gee,
 
 5 Ired. Rep. 590; where the subject is fully discussed, and the authorities cited.
 

 So, by the terms of the note sued on, the plaintiff was entitled to seven per cent, interest, (the rate in the State of New York,) and and if it had been given for money loaned, or for a debt previously contracted in this State, there would have been ground to support the allegation of usury. But the note was given as the price of merchandise, and the inference is, that the place of payment, and, consequently, the rate of interest, was taken into consideration by the parties, and affect-
 
 *508
 
 eel the price which was to be given for the goods — the plaintiff selling at a lower sum, because of the benefit they were to derive from having the price paid in New York, so as to give them the control of northern funds, and save exchange. The transaction being a sale of goods, and not a loan of money, puts the idea of usury out of the question, in the absence of proof that it was intended as a cloak to cover what was in fact a loan of money, or an arrangement to get “forbearance” on a pre-existing debt.
 
 Bute
 
 v. Bidgood, 7 B. and C. 453, (14 E. C. L. R. 80,) fully supports this conclusion. That was a contract by parties in England, (where the interest was five per cent.,) for the sale of a plantation in the colony of Demarara, where the interest was six per cent., and, in fixing the price, which was to be on a long credit, six per cent, was calculated and included in the note given for the price, which was payable at Liverpool, England. Lord Tenterden, C. J., delivering the opinion of the Court, says, “ the case which is now presented to the consideration of the Court, arises out of a contract for the sale of an estate, and not for the loan of money. The agreement was founded, partly, upon what was considered the present price of the estate, and, partly upon what was considered it price, if paid at a future day.” “ It appears to me that this was, in substance, a contract for the •sale of the estate at the price of £20.000, to be paid by. instalments. In that there is no illegality.”
 

 In our case the contract was for the sale of goods, and not for the loan of money. The agreement was founded partly upon what was considered the value, if paid for in Salisbury, and partly upon what was considered the value if paid for in New York, and, of course, in northern funds. So there was no illegality in it.
 

 There is no error.
 

 Pee Curiam,
 

 Judgment affirmed.